UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| TYRELL RAMSEY,<br><br>　　Plaintiff,<br><br>vs.<br><br>TWIN FALLS POLICE DEPARTMENT, et al.,<br><br>　　Defendants. | Case No.: 1:25-cv-00193-REP<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT JAYONE MARIA FITZHUGH'S MOTION TO DISMISS**<br><br>**(Dkt. 8)** |

Before the Court is Defendant Jayone Maria Fitzhugh's Motion to Dismiss (Dkt. 8). The Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court grants the Motion.

### I. BACKGROUND

Plaintiff Tyrell Ramsey brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights arising from his April 7, 2023 arrest in Twin Falls, Idaho. According to Plaintiff, he was on parole when Defendant Jayone Maria Fitzhugh, a probation and parole officer employed by the Idaho Department of Correction ("IDOC"), lodged an agent's warrant for his arrest. Later that same evening, Twin Falls Police Department officers went to Plaintiff's residence to execute the warrant. Plaintiff alleges that the officers entered his home without a valid warrant, used excessive force in taking him into custody, and that Ms. Fitzhugh did not issue or transmit the agent's warrant until after his arrest.

Plaintiff asserts five counts under § 1983, claiming violations of the First, Fourth, Fifth, and Fourteenth Amendments, as well as intentional infliction of emotional distress and a request for declaratory relief. He seeks compensatory damages, along with "punitive and exemplary

**MEMORANDUM DECISION AND ORDER - 1**

damages," from all Defendants, including Ms. Fitzhugh, who is sued solely in her official capacity as a state employee.

Defendant Fitzhugh now moves to dismiss the claims against her pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In the at-issue Motion, she contends that, as a state official sued in her official capacity, Plaintiff's claims against her are barred by Eleventh Amendment immunity, and because she is not a "person" within the meaning of § 1983. Plaintiff never responded to the Motion.

## II. LEGAL STANDARDS

### A.     Motion to Dismiss: Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions." *Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav. Program*, 443 F. Supp. 3d 1152, 1156 (E.D. Cal. 2020) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377. Subject-matter jurisdiction is required; it cannot be forfeited or waived. *Howard Jarvis Taxpayers Ass'n*, 443 F. Supp. 3d at 1156. Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(1) provides that a party may challenge a federal court's jurisdiction over the subject-matter of the complaint. A Rule 12(b)(1) jurisdictional attack may be factual or facial. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A factual attack presents extrinsic evidence disputing the truth of the allegations of the complaint that would otherwise invoke federal jurisdiction, whereas a facial attack challenges that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

**MEMORANDUM DECISION AND ORDER - 2**

Here, Defendant Fitzhugh's Motion to Dismiss under Rule 12(b)(1) mounts a facial challenge: it contends that, notwithstanding Plaintiff's allegations, the Eleventh Amendment bars Plaintiff's suit against her. *See* Mem. ISO MTD at 3, 5-7 (Dkt. 8-1).[1]  Therefore, the allegations in Plaintiff's Complaint are accepted as true and inferences are drawn in Plaintiff's favor when determining whether those allegations are sufficient to invoke the Court's jurisdiction vis à vis Plaintiff's claims against Defendant Fitzhugh. *Jones v. L.A. Central Plaza, LLC*, 74 F.4th 1053, 1056 n.1 (9th Cir. 2023).

B.  **Motion to Dismiss: Rule 12(b)(6)**

The purpose of a motion to dismiss brought under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff is required to allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] There is some debate in the Ninth Circuit about whether dismissal based on Eleventh Amendment immunity should be analyzed under Rule 12(b)(6) and not as a jurisdictional issue under Rule 12(b)(1). *See Steshenko v. Gayrard*, 44 F. Supp. 3d 941, 949, n. 1 (N.D. Cal. 2014) (collecting cases). In the end, however, any technical distinction makes no difference as the standards and the result are the same. *See Sam v. Dep't of Public Safety*, 2021 WL 1032282, at *2 (D. Hawai'i 2021); *see also, e.g.*, *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (it has been recognized that "[t]he district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."); Mem. ISO MTD at 3-4, n.2 (Dkt. 8-1) ("Eleventh Amendment immunity can be raised in either a Rule 12(b)(1) or 12(b)(6) motion") (citing *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927, n.2 (9th Cir. 2017)).

**MEMORANDUM DECISION AND ORDER - 3**

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). But the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Here, Defendant Fitzhugh argues that, irrespective of any possible jurisdictional shortcomings (as raised by her claim to Eleventh Amendment immunity), Plaintiff's Complaint also fails to state a claim against her. *See* Mem. ISO MTD at 4 (Dkt. 8-1). She specifically contends that Plaintiff cannot seek damages from her in her official capacity because she is not a "person" under § 1983. *Id.* at 8.

## II. ANALYSIS

Plaintiff never responded to Defendant Fitzhugh's Motion to Dismiss. Defendant therefore requests that the Court dismiss Plaintiff's claims against her under Local Civil Rule 7.1(e)(1) and Federal Rule of Civil Procedure 41(b). *See* Reply ISO MTD at 2–4 (Dkt. 11). The Court agrees.

**MEMORANDUM DECISION AND ORDER - 4**

The Ninth Circuit has held that a district court may properly grant a motion to dismiss pursuant to a local rule when a party fails to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Under the District of Idaho's local rules, a party's failure to timely file response documents may be deemed consent to the relief requested. *See* D. Idaho L. Civ. R. 7.1(e); *see also Coy v. Ada Cnty.*, 2023 WL 6623633, at *3 (D. Idaho 2023).

Beyond the local rules, dismissal is also warranted under Rule 41(b), which authorizes dismissal when a plaintiff "fails to prosecute or to comply with these rules or a court order." A plaintiff bears the general duty to prosecute his case – that is, to move it forward. *See Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff has not met this obligation, at least as to Defendant Fitzhugh, given his complete failure to respond to the Motion.

But before dismissing an action for failure to prosecute, courts weigh five factors: (i) the public's interest in expeditious resolution of litigation; (ii) the court's need to manage its docket; (iii) the risk of prejudice to defendants; (iv) the public policy favoring decisions on the merits; and (v) the availability of less drastic sanctions. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Ninth Circuit has explained that the first two factors favor dismissal, while the fourth weighs against it, leaving prejudice and the availability of lesser sanctions as the key considerations. *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, four of the five factors – including the two most significant – favor dismissal straight away. Plaintiff's failure to respond impedes expeditious resolution and burdens the Court's docket (factors one and two). Dismissal obviously would not prejudice Defendant Fitzhugh (factor three), and no lesser sanction appears appropriate given Plaintiff's lack of participation (factor five). That leaves only the final consideration: the preference for resolving matters on the merits (factor four).

**MEMORANDUM DECISION AND ORDER - 5**

On that point, however, Defendant Fitzhugh's Motion raises two interrelated arguments that independently warrant dismissal: (i) the Court does not have subject-matter jurisdiction over the claims because the Eleventh amendment prohibits Plaintiff from suing her in her official capacity retrospectively for damages; and (ii) only a "person" can be sued under § 1983, and she is not a "person."  Either ground compels the dismissal of Plaintiff's claims against Defendant Fitzhugh.

First, Plaintiff's claims face an immediate jurisdictional bar under the Eleventh Amendment, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  This immunity extends not only to states themselves, but also to suits by citizens against a state's instrumentalities.  *Holz v. Nenana City Pub. Sch. Dist.*, 347 F.3d 1176, 1180 (9th Cir. 2003); *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  Relevant here, Eleventh Amendment immunity likewise protects state officials sued in their official capacities.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Thornton v. Brown*, 757 F.3d 834, 839-40 (9th Cir. 2013).

There are only two exceptions to Eleventh Amendment immunity: (i) when a state unequivocally waives its immunity and consents to suit in federal court; or (ii) when Congress unmistakably abrogates that immunity under the Fourteenth Amendment.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).[2]  These exceptions do not apply here.  Neither

---

[2] The Supreme Court has also excepted Eleventh Amendment immunity to allow a plaintiff to sue a state official to enjoin ongoing unconstitutional conduct.  *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908).  Known as the "*Ex Parte Young* exception," a plaintiff may sue an official of a state agency in his or her official capacity for prospective equitable relief to enjoin an alleged ongoing violation of federal law.  *Id*.  But here, Plaintiff is not seeking prospective relief owing to an ongoing violation of federal law.  His claims instead stem from past alleged

**MEMORANDUM DECISION AND ORDER - 6**

the State of Idaho nor Defendant Fitzhugh has consented to this lawsuit, and Congress has not abrogated Idaho's immunity in this context.

Second, claims under § 1983 require that a plaintiff allege a violation of rights protected by the Constitution or created by federal statute proximately caused the conduct of a person acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  But a state official acting in their official capacity is not a "person" for purposes of a § 1983 damages action.  *See Will*, 491 U.S. at 71.  Plaintiff alleges that Defendant Fitzhugh was performing her duties as a probation/parole officer for the State of Idaho.  *See* Compl. at ¶ 11 (Dkt. 1).  Accordingly, she is immune from suit under § 1983.

In sum, Plaintiff's claims against Defendant Fitzhugh are barred by the Eleventh Amendment and fail to state a claim upon which relief can be granted.  Dismissal is therefore proper under Rules 12b)(1) and 12(b)(6), in addition to Plaintiff's failure to respond or prosecute.  The Motion is therefore granted.

### III.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant Jayone Maria Fitzhugh's Motion to Dismiss (Dkt. 8) is GRANTED and Plaintiff's claims against her are dismissed with prejudice.



DATED:  November 14, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

---

wrongs relating to his arrest.  Thus, the *Ex Parte Young* exception does not apply to otherwise save Plaintiff's claims against Defendant Fitzhugh.

**MEMORANDUM DECISION AND ORDER - 7**